**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **JOSE SANCHEZ,** | ) | **CASE NO. 4:20 CV 882** |
| | ) | |
| **Petitioner,** | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| vs. | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| | ) | |
| **JERRY GREENE,** | ) | |
| | ) | |
| **Respondent.** | ) | |

This matter is before the Court on the petition of *pro se* petitioner Jose Sanchez pursuant

to 28 U.S.C. § 2241.  (Doc. #: 1).  In his brief petition, Sanchez states that he is a pretrial

detainee confined at the Mahoning County Jail awaiting trial for rape of a minor.  (*Id*. at 1).

Sanchez claims that because of  his age and medical conditions, he is at high risk if he contracts

COVID-19, amounting to a death sentence in violation of his rights under the Fifth and

Fourteenth Amendments of the United States Constitution.  For relief, Sanchez asks this Court

to order respondent to release him to home confinement while he awaits trial.  (*Id*. at 2-3).

For the reasons that follow, the petition is dismissed.

## I.  STANDARD OF REVIEW

Title 28 U.S.C. § 2243 requires the Court to conduct an initial screening of

Sanchez's petition.  *See Alexander v. N. Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir.

2011).  *Pro se* pleadings are held to less stringent standards than formal pleadings drafted by

lawyers and must be liberally construed.  *Boag v. MacDougall,* 454 U.S. 364, 365 (1982)

(per curiam) (citing *Haines v. Kerner,* 404 U.S. 519 (1972)); *see also Franklin v. Rose*, 765

F.2d 82, 85 (6th Cir. 1985) (*pro se* complaints are entitled to liberal construction) (citations

omitted).  This principle of liberal construction applies to petitions for a writ of habeas

corpus.  *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001).  A petition will be denied "if it

plainly appears from the petition … that the petitioner is not entitled to relief."  Rule 4 of

Rules Governing § 2254 in the United States District Courts (applicable to § 2241 petitions

pursuant to Rule 1(b)).

## II.  ANALYSIS

As an initial matter, Sanchez's claims concerning the constitutionality of his pre-trial

detention because of his alleged susceptibility to COVID-19 challenges the conditions of his

confinement, which should be raised pursuant to 42 U.S.C. § 1983.  *See Evil v. Whitmer*, No.

1:20-CV-343, 2020 WL 1933685, at *2 (W.D. Mich. Apr. 22, 2020) (citing *Martin v. Overton*,

391 F.3d 710, 714 (6th Cir. 2004)).  That said, the Court must address Sanchez's claims as he

has framed them.  *Id*. ("The Court will address Petitioner's claim [for release from pretrial

detention due to COVID-19] as he has raised it, as a claim for habeas relief. The Sixth Circuit

has suggested it would be wrong to do otherwise.") (citing *Martin*, 391 F. 3d at 714)

Section 2241 grants federal courts the power to issue writs of habeas corpus to prisoners

being held "in violation of the Constitution or laws or treaties of the United States."  *See* 28

U.S.C. § 2241(c)(3).  But while a state pretrial detainee may petition for habeas relief pursuant

to § 2241, such claims are "rare" and "extraordinary."  *Christian v. Wellington*, 739 F.3d 294,

297 (6th Cir. 2014).

> The Sixth Circuit has approved consideration of a pretrial § 2241 petition only in three exceptional circumstances: (1) when the petitioner seeks a speedy trial ...; (2) when a petitioner seeks to avoid a second trial on double jeopardy grounds ...; and (3) when a petitioner faces prejudice from prior ineffective assistance of counsel and due process violations on retrial .... Petitioner's claims regarding the conditions of his confinement do not fall within any of these exceptional circumstances.

*Evil v. Whitmer*, No. 1:20-CV-343, 2020 WL 1933685, at *3 (W.D. Mich. Apr. 22, 2020) (internal citations omitted); *see also Eagan v. Carl*, No. 2:16-CV-155-WOB, 2016 WL 6403152, at *5 (E.D. Ky. Oct. 27, 2016) ("There are only two generally recognized claims available to state pretrial detainees in a § 2241 habeas corpus proceeding-denial of the right to a speedy trial and double jeopardy-based allegations.") (citation omitted).  Sanchez's claim in this habeas action does not fall within any of these three categories and, to the extent he fails to state a cognizable § 2241 claim, the petition is dismissed.

To the extent that Sanchez's claim concerning COVID-19 constitutes a cognizable § 2241 claim, the petition is also subject to dismissal.  "'[A]lthough § 2241 establishes jurisdiction in the federal courts to consider pretrial habeas corpus petitions, the courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner.'"  *Laird v. Pinkney*, No. 1:17 CV 0059, 2017 WL 1854736, at *2 (N.D. Ohio May 5, 2017) (quoting *Atkins v. Michigan*, 644 F.2d 543, 546 (6th Cir. 1981) (internal citations omitted); *see also Slusser v. Michigan*, No. 10-14252, 2013 WL 501733, at *1 (E.D. Mich. Feb. 11, 2013) ("Habeas relief for a pretrial detainee generally is unavailable unless he demonstrates that: (1) he has exhausted available state court remedies; and (2) 'special circumstances' warrant federal intervention.") (citing *Martin–Trigona v. Shiff*, 702 F.2d 380, 388 (2d Cir.1983); *Carden*

*v. Montana*, 626 F.2d 82, 83–84 (9th Cir. 1980); *see also Bronston v. Sabbatine*, 12 F.3d 211, 1993 WL 473792, *1 (6th Cir. 1993) (affirming dismissal of state pretrial detainee's § 2241 petition because petitioner did not exhaust his state court remedies)).

Sanchez does not allege that he has sought relief from the trial court for the claims he presents here concerning COVID-19, or otherwise exhausted his available state court remedies. Accordingly, Sanchez's petition is dismissed without prejudice for failure to exhaust his state court remedies.  *See Evil*, 2020 WL 1933685, at *2-4 (analyzing section 2241 COVID-19 related habeas claim of state court pretrial detainee and dismissing petition for failure to exhaust available state remedies); *Mays v. Dart*, No. 20 C 2134, 2020 WL 1812381 (N.D. Ill. Apr. 9, 2020) (state court pretrial detainees' putative class action against sheriff pursuant to § 2241, alleging that they could not be constitutionally detained at jail during COVID-19 pandemic, barred for failure to exhaust administrative remedies); *Swain v. Junior*, No. 1:20-CV-21457-KMW, 2020 WL 2078580 (S.D. Fla. Apr. 29, 2020) (even if release from confinement pursuant to a federal writ of habeas corpus would be available as a remedy if medically vulnerable state pretrial detainees were able to demonstrate that no detention facility would be able to safely confine them during COVID-19 pandemic, detainees failed to show they had exhausted their state court remedies before seeking habeas relief).

### III.  CONCLUSION

For all the foregoing reasons, the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 is denied and dismissed without prejudice pursuant to 28 U.S.C. § 2243.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

**IT IS SO ORDERED**.

_____  6/9/2020
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**

---

[1] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.